# In the United States Court of Federal Claims

No. 17-878C

(Filed Under Seal: July 20, 2017)

(Reissued for Publication: July 28, 2017)[1]

```
*************************************
                                    *
COTTON & COMPANY, LLP,              *
                                    *
              Plaintiff,            *
                                    *
v.                                  *
                                    *   Bid Protest; Motion for Preliminary
THE UNITED STATES,                  *   Injunction; Rule 12(b)(1) Motion to
                                    *   Dismiss; Subject Matter Jurisdiction;
              Defendant,            *   Standing.
                                    *
and                                 *
                                    *
ERNST & YOUNG, LLP,                 *
                                    *
              Defendant-Intervenor. *
                                    *
*************************************
```

*Ira Hoffman*, Butzel Long, P.C., Washington, D.C., for Plaintiff.

*Agatha Koprowski*, with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Deborah A. Bynum*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

*Craig Holman*, with whom were *Amanda Sherwood* and *Stuart Turner*, Arnold & Porter Kaye Scholer LLP, Washington, D.C., for Defendant-Intervenor.

---

[1] The Court issued this decision under seal on July 20, 2017, and invited the parties to submit proposed redactions of any proprietary, confidential, or other protected information on or before July 27, 2017. None of the parties proposed any redactions. Thus, the Court reissues the opinion in full.

OPINION AND ORDER

WHEELER, Judge.

Plaintiff Cotton and Company, LLP ("Cotton") brought this pre-award bid protest to challenge alleged corrective action by the Defense Finance and Accounting Services ("DFAS"). Essentially, DFAS awarded Cotton a task order for various auditing services that were to be performed during fiscal year 2017, but Cotton was forced to stop performing under the task order when another party protested Cotton's award before the Government Accountability Office ("GAO"). DFAS cancelled Cotton's task order after DFAS determined that the GAO protest had delayed performance such that DFAS's requirements had changed. DFAS then solicited new proposals for a contract with different requirements, and Cotton did not submit a proposal in that solicitation. DFAS has now awarded a new contract to Defendant-Intervenor Ernst & Young LLP ("E&Y").

Cotton's protest in this Court alleges that both DFAS's cancellation of the task order and its new solicitation constituted one unlawful corrective action. Cotton further has moved for a preliminary injunction on E&Y's performance under the new contract pending the resolution of this bid protest. E&Y has cross-moved to dismiss Cotton's complaint under Rule 12(b)(1) of the Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction and standing.[2]

The parties completed briefing on Cotton's motion on July 17, 2017, and the Court heard oral argument on the motion on July 19, 2017. At oral argument, the Court issued a bench ruling denying Cotton's motion for a preliminary injunction and granting E&Y's motion to dismiss. This opinion very briefly memorializes the reasoning behind the Court's bench ruling. In sum, the Court dismissed Cotton's complaint upon finding that it lacked subject matter jurisdiction over Cotton's protest.

Background

On February 6, 2017, DFAS awarded Cotton Task Order HQ042317F0019. AR at 247.[3] Under the task order, Cotton was required to provide auditing services to the Department of Defense Office of Inspector General ("OIG"). Id. Cotton was to audit the United States Department of the Navy (excluding the Marine Corps) General Fund statement of budgetary resources and beginning balances of the balance sheet for fiscal

---

[2] The Government also called for dismissal of Cotton's complaint for lack of subject matter jurisdiction in the conclusion of its opposition to Cotton's motion for a preliminary injunction. See Def. Opp'n at 32, Dkt. No. 32 (filed July 14, 2017).

[3] References to "AR at __" refer to pages in the administrative record in this case filed July 13, 2017.

year 2017.  Id. at 282.  The task order allowed the Government to terminate the contract for convenience.  Id. at 247.

On February 14, 2017, a losing bidder for Cotton's task order filed a protest before the GAO challenging Cotton's award.  Id. at 312.  DFAS directed Cotton to stop performing under the task order pursuant to the automatic stay that follows a GAO protest under the Competition in Contracting Act ("CICA").  Id.; see also 31 U.S.C. § 3553 (2012) (setting out CICA stay procedures).  While the GAO protest was pending, DFAS and OIG evaluated their options.  They realized they could defend the protest and thereby incur substantial costs.  AR at 322.  Among other options, DFAS also considered seeking to override the CICA stay, which would have allowed Cotton to perform.  Id. at 428–36.

In the end, however, DFAS (with the advice of OIG) decided that it was in the Government's best interests to terminate Cotton's task order for convenience because any delay would negatively affect statutorily mandated audit deadlines.  See AR at 354, 428–36.  It terminated Cotton's contract on March 1, 2017.  Id. at 358.  DFAS then issued a new amended solicitation on April 25, 2017.  Id. at 461–505.  That new solicitation changed the previous solicitation's base years and added additional services.  Id.  Cotton then protested DFAS's decision before the GAO, which ruled that it had no jurisdiction over Cotton's claims because those claims related to matters of contract administration.  Id. at 677–80.  Cotton did not submit a bid in the new solicitation.  Rather, it brought claims in this Court that are largely similar to those in its GAO protest.  DFAS awarded a contract to E&Y under the amended solicitation on July 11, 2017.  See Mot. to Intervene, Dkt. No. 27 (filed July 13, 2017).

Discussion

Though Cotton filed a motion for a preliminary injunction, it stands to reason that the Court has no authority to grant a preliminary injunction if it lacks subject matter jurisdiction of the underlying case.  In fact, pursuant to RCFC 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Therefore, the Court turns first to jurisdiction.

The Tucker Act grants this Court subject matter jurisdiction over bid protests.  28 U.S.C. § 1491(b)(1) (2012).  Specifically, the Court has jurisdiction over claims "by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement."  Id.  The term "procurement" is broad in scope, and "includes *all stages of the process of acquiring property or services*, beginning with the process for determining a need for property or services and ending with contract completion and closeout."  Sys. Application

& Techs., Inc. v. United States, 691 F.3d 1374, 1381 (2012) (emphasis in original and citation omitted).  Additionally, "[a] non-frivolous allegation of a statutory or regulatory violation in connection with a procurement or proposed procurement is sufficient to establish jurisdiction." Distrib. Sols., Inc. v. United States, 539 F.3d 1340, 1345 n.1 (Fed. Cir. 2008).

The Court cannot exercise subject matter jurisdiction over a bid protest if the protester lacks standing. See Media Techs. Licensing, LLC v. Upper Deck Co., 334 F.3d 1366, 1370 (Fed. Cir. 2003) ("Because standing is jurisdictional, lack of standing precludes a ruling on the merits."). A protester has standing if it is an "interested party" with respect to the solicitation within the meaning of the Tucker act.  To be an "interested party" for purposes of the Tucker Act, a protester must (1) be an "actual or prospective bidder," and (2) "possess[] the requisite direct economic interest." Rex Serv. Corp. v. United States, 448 F.3d 1305, 1307 (Fed. Cir. 2006) (citation omitted).

In contrast, once a bidder has won a contract, any disputes that arise with respect to the administration of that contract fall under the Contract Disputes Act ("CDA").  41 U.S.C. § 7102 (2012).  In other words, once the CDA applies, its procedures "provide[] the exclusive mechanism for dispute resolution." See Dalton v. Sherwood Van Lines, Inc., 50 F.3d 1014, 1017 (Fed. Cir. 1995).  To obtain jurisdiction under the CDA, the plaintiff must have "a valid claim in writing and the contracting officer's final decision on that claim." Boarhog LLC v. United States, 129 Fed. Cl. 130, 133 (2016).

Here, Cotton in reality protests two separate DFAS actions.  First, it protests DFAS's decision to terminate Cotton's task order for convenience.  Second, it protests DFAS's decision to solicit offers under a new procurement that is similar to the procurement in which Cotton competed.  Cotton argues that both decisions are really part of one overarching DFAS corrective action, but this claim fails.  There was no corrective action in this case.  It is clear from the record that DFAS terminated Cotton's task order for convenience.  A termination for convenience is not corrective action because the agency doing the terminating is not correcting any flaw in the procurement that led to the contract.  Rather, the agency is often reacting to external factors that make termination a prudent choice—for example, a substantial delay in performance caused by a GAO protest.  Any other conclusion would flatly contradict several cases in which this Court has found that corrective action must target a procurement defect. See, e.g., Dell Fed. Sys., L.P. v. United States, — Fed Cl. —, 2017 WL 2981811, at *8 (July 3, 2017); Amazon Web Servs., Inc. v. United States, 113 Fed. Cl. 102, 115 (2013); Sheridan Corp. v. United States, 95 Fed. Cl. 141, 153 (2010).  If corrective action could happen without an identified procurement defect, the Court's reasoning in these cases would lose all meaning.  Therefore, the Court must separate the two DFAS actions at the heart of this suit.

First, DFAS's decision to terminate Cotton for convenience is a matter of contract administration, and therefore falls under the CDA rather than this Court's bid protest jurisdiction. See Boarhog, 129 Fed. Cl. at 133–34 (analyzing termination for convenience claim under the CDA). This Court cannot yet exercise jurisdiction under the CDA because it is undisputed that Cotton has not yet obtained a contracting officer's final decision on its claim. Therefore, the Court lacks subject matter jurisdiction over Cotton's claims that relate to its termination for convenience.

Second, the Court cannot exercise subject matter jurisdiction over Cotton's claims regarding DFAS's new solicitation because Cotton is not an interested party with respect to that solicitation. It is again undisputed that Cotton did not submit a proposal in the new solicitation. Further, Cotton does not challenge a requirement in DFAS's solicitation that would foreclose Cotton's participation. See, e.g., Reilly v. United States, 104 Fed. Cl. 69, 76 (2012) (granting protester interested party status where solicitation requirement would foreclose protester's participation). In fact, Cotton has consistently claimed that it should be the entity doing the work that is the subject of the new solicitation, so it is puzzling that it did not bid for that work. Because it is not an interested party with respect to the new solicitation, Cotton has no standing, and this Court therefore cannot exercise subject matter jurisdiction over its claims regarding that new solicitation.[4]

In sum, this Court lacks subject matter jurisdiction over all of Cotton's claims. Therefore, the Court need not entertain the analysis that is customary on a motion for a preliminary injunction. Rather, the Court simply must dismiss Cotton's complaint.

## Conclusion

As set out in open court on July 19, 2017, Cotton's motion for a preliminary injunction is DENIED. E&Y's motion to dismiss is GRANTED. The Clerk is directed to

---

[4] E&Y also argued in court that Plaintiff's claims regarding the new solicitation are time-barred under the waiver rule articulated in Blue & Gold Fleet, L.P. v. United States, 492 F.3d 1308 (Fed. Cir. 2007). Under Blue & Gold Fleet, parties must protest patent errors in a solicitation prior to the close of the bidding process. Id. at 1313. E&Y argues that Cotton's GAO protest does not "count" as a protest before the close of the bidding process because the GAO had no jurisdiction over Cotton's claims. While this argument presents an intriguing interpretation of Blue & Gold Fleet, the Court need not address it here because it, like the GAO, lacks jurisdiction.

enter judgment and dismiss this case without prejudice.  Pursuant to RCFC 54(d), the Court awards reasonable costs to the Government and E&Y.

    IT IS SO ORDERED.

s/ Thomas C. Wheeler  
THOMAS C. WHEELER  
Judge
